UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JANE DOE,  )  | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | CAUSE NO.: 2:12-CV-264-PPS-PRC |
| ) | |
| CROWN POINT SCHOOL CORP.,  ) | |
| BRETT CRUTCHFIELD, and  ) | |
| DOES I-XX,  ) | |
|     Defendants.  ) | |

**OPINION and ORDER**

This matter is before the Court on Crown Point Community School Corporation's Motion for More Definite Statement [DE 16], filed by Defendant Crown Point Community School Corporation ("Crown Point") on December 28, 2012. Plaintiff Jane Doe filed her response on January 25, 2013. Crown Point has not filed a reply, and the time to do so has passed.

On July 10, 2012, Plaintiff filed a Complaint against Crown Point, Brett Crutchfield, and Does I-XX. The Complaint asserts eleven claims, each titled "Cause of Action": (1) violation of Title IX; (2) violation 42 U.S.C. § 1983; (3) equal protection violation; (4) invasion of privacy and illegal seizure in violation of the Fourth and Fourteenth Amendments; (5) negligence and gross negligence; (6) negligent hiring, training, and supervision; (7) intentional and negligent infliction of severe mental distress; (8) child seduction; (9) battery; (10) assault; and (11) false imprisonment. The instant motion asks the Court to order Plaintiff to make a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure with respect to the Second, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action.

# BACKGROUND[1]

Plaintiff was a 17-year-old student at Crown Point High School during the 2011-12 academic school year. Defendant Crutchfield was her chemistry and physics teacher. At one point Plaintiff emailed Crutchfield at his official Crown Point email address to inquire about making up a missed exam. Plaintiff alleges that Crutchfield responded by asking Plaintiff about her sexual relationships and informing Plaintiff that he had feelings for her. After weeks of email communication, Crutchfield provided Plaintiff with his cellular telephone number and obtained hers.

Plaintiff alleges that Crutchfield repeatedly contacted her, with the conversations many times being sexually graphic. She alleges that Crutchfield told her that she was "beautiful," that "she ha[s] the best body," and that she was "mature for [her] age." Compl. ¶ 16. Plaintiff alleges that at least one text message Crutchfield sent her included a picture of him fully nude.

Crutchfield allegedly asked the school to transfer Plaintiff into his study hall, which the school eventually did do.

Plaintiff alleges that in February 2012, she went to Crutchfield's classroom when no one else was present and Crutchfield aggressively grabbed her hand and pulled her to his body. She alleges that he then forcibly kissed her. Plaintiff alleges that the evening of this incident, Crutchfield sent numerous text messages to her demanding that she come to his house to have sexual intercourse. She alleges that after refusing, Crutchfield retaliated against her by treating her less favorably in class. Plaintiff alleges that she then terminated all communication with Crutchfield.

Plaintiff alleges that Crutchfield later obtained private and confidential information about her from an unknown third party. She claims that Crutchfield then used this information to

---

[1] For the purposes of Crown Point's motion, the Court relies on the alleged facts in Plaintiff's Complaint.

2

manipulate and seduce her.

On April 13, 2012, Crown Point contacted Plaintiff's parents and informed them that they had learned of an inappropriate relationship between Crutchfield and Plaintiff. Crutchfield was placed on leave. Plaintiff alleges that upon learning Crown Point knew of the relationship, Crutchfield threatened Plaintiff by telling her to "deny everything."

Plaintiff alleges that on April 16, 2012, she informed Crown Point that she was being harassed by other students. She claims that the Crown Point principal told Plaintiff that Crown Point could not protect her safety and well being. Plaintiff alleges that Crown Point asked her to withdraw from the school. Ultimately, Plaintiff was transferred to an "alternative school."

Plaintiff alleges that Crown Point ignored prior inappropriate behavior by Crutchfield toward students.

## ANALYSIS

Crown Point requests that the Court order Plaintiff to make a more definite statement under Federal Rule of Civil Procedure 12(e). Specifically, Crown Point wants a more definite statement with respect to the Second, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action. Rule 12(e) of the Federal Rules of Civil Procedure provides in relevant part that

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). A motion under Rule 12(e) is appropriate where a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's

3

complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored. *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010) ("Motions for a more definite statement should not be used to gain additional information, but, particularly in light of our liberal notice pleading requirement, should be granted only when the pleading is so unintelligible that the movant cannot draft a responsive pleading." (citation and internal quotation marks omitted)).

### A.  Second Cause of Action

Crown Point first asks the Court to order Plaintiff to amend the Second Cause of Action presented in her Complaint, which asserts a violation of 42 U.S.C. § 1983.  Crown Point argues that the order is appropriate because the Complaint fails to provide sufficient factual allegations supporting the claim.  A plaintiff bringing a § 1983 claim against a municipality must show that a "policy or custom" of the municipality caused a constitutional violation.  *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002).  A policy or custom can be established by demonstrating that the municipality had "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law."  *Id.*  Crown Point asserts that Plaintiff alleges no specific facts supporting the existence of such a widespread practice.  Plaintiff responds that a Rule 12(e) order is inappropriate and that the Complaint contains sufficient factual allegations including the allegation that "prior inappropriate conduct by Crutchfield, toward students, was ignored by school officials, allowing Plaintiff to be victimized by him." Compl. ¶ 26.  While the Court agrees with Plaintiff that she did in fact allege facts supporting the existence of a widespread policy, the Court finds that it is unnecessary to

address this aspect of the dispute because the Rule 12(e) order should be denied for a different reason.

As noted above, Rule 12(e) motions are generally disfavored. They are appropriate "only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fidelity Fin. Serv., Inc.*, 869 F. Supp. 557 (N.D. Ill. 1994). Here, it is apparent that Crown Point understands Plaintiff's second claim given that Crown Point has identified it as a § 1983 claim and has specifically addressed the legal standard against which such claims are measured. To the extent Crown Point believes the claim fails to adequately allege a § 1983 claim, the proper motion would be a Rule 12(b)(6) motion to dismiss for failure to state a claim. Because Crown Point has not argued that the claim should be dismissed under Rule 12(b)(6), the Court declines to address the issue and denies Crown Point's Rule 12(e) motion with respect to Plaintiff's second claim.

### B. Other Causes of Action

Next, Crown Point asks the Court to order Plaintiff to amend her Fourth (invasion of privacy and illegal seizure), Seventh (intentional and negligent infliction of severe mental distress), Eighth (child seduction), Ninth (battery), Tenth (assault), and Eleventh (false imprisonment) Causes of Action so that each specifically identifies the relevant defendant or defendants against whom each claim is brought. Crown Point asserts that it is currently unable to determine whether these claims are directed against it. A Rule 12(e) order may be appropriate when a complaint fails to put a defendant on notice as to which claims are being asserted against which defendants. *See Collins v. Illinois*, No. 03-3159, 2006 WL 3627639, at *5 (C.D. Ill. Dec. 11, 2006) (directing the plaintiff to file an amended complaint that specifies "which claims are directed at which Defendants"). Here, Plaintiff does not dispute that the Complaint is unclear as to whether the complained-of claims are

directed against Crown Point.  Given that the Court finds the claims to be ambiguous in this respect, the Court grants Crown Point's motion with respect to these claims.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Crown Point Community School Corporation's Motion for More Definite Statement [DE 16].  The Court **DENIES** Crown Point's request for a more definite statement with respect to Plaintiff's Second Cause of Action.  The Court **GRANTS** Crown Point's request for a more definite statement with respect to Plaintiff's Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action, and **ORDERS** Plaintiff to file an Amended Complaint on or before **May 7, 2013**, that specifically identifies the relevant defendant or defendants for these claims.

SO ORDERED this 23rd day of April, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record