# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:12-CV-264 |
| v. | ) |
| | ) |
| CROWN POINT SCHOOL CORP., *et al.*, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Plaintiff, a minor, alleges that her high school chemistry and physics teacher, defendant Brett Crutchfield, had an inappropriate sexual relationship with her. (She has also sued the Crown Point School Corporation but we can ignore that part of the case for present purposes.) After answering the Amended Complaint, Crutchfield has now moved for judgment on the pleadings as to the five state-law tort claims brought against him. *See* Fed. R. Civ. Pro. 12(c). Normally, I would take some time at this point to untangle the allegations against Crutchfield, establish the standard of review for Rule 12(c) motions, and apply it to the facts. But I won't here because Crutchfield's motion is so clearly barred by controlling precedent that it can be disposed of relatively quickly.

Here's an abbreviated version of the sordid facts as alleged in the Amended Complaint: Crutchfield was the Plaintiff's chemistry and physics teacher. During the 2011-12 academic year, he is alleged to have flirted with her, made inappropriate comments to her in the class room, emailed and texted her inappropriate and sexually tinged messages (including two fully frontal nude pictures of himself), forcibly kissed her with an open mouth, and eventually sent numerous text messages demanding that she come to his house to have sexual intercourse.

Plaintiff has sued Crutchfield in his individual capacity, which has ramifications with respect to the Indiana Tort Claims Act. An Indiana appeals court explained the point earlier this year:

> Where a plaintiff elects to sue a governmental employee in his or her individual capacity, (180 days) notice is required only if the act or omission causing the plaintiff's loss is within the scope of the defendant's employment. The ITCA provides substantial immunity for conduct within the scope of a public employee's employment to ensure that public employees can exercise the independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment.

*Chang v. Purdue University*, 985 N.E.2d 35, 51 (Ind. App. 2013) (internal citation omitted). Crutchfield takes this structure and makes a three-part argument in his motion: 1) he has been sued in his individual capacity, 2) he was acting within the scope of employment, and 3) Plaintiff's failure to first file a tort claim notice with the Indiana Political Subdivision Risk Management Commission means that her state- law claims must be dismissed.

The rub, however, comes in the second step of this argument – whether Crutchfield was acting in the scope of his employment. Crutchfield claims that is obvious, even at this early stage in the case, that his actions were all within the scope of employment because he was "acting, at least in part, to further the interests of his employer." *Southport Little League v. Vaughan*, 734 N.E.2d 261, 268 (Ind. Ct. App. 2000). I have a feeling that the Crown Point Schools Corporation has a different take on whether Crutchfield's alleged behavior furthered its interest. In any event, Crutchfield's argument relies heavily on *Southport*, which involved the equipment manager of a little league team, as well as *Stropes v. Heritage House Childrens Center*, 547 N.E.2d 244 (Ind. Ct. App. 1989), which involved a nurse's aid.

The problem for Crutchfield is that in both of these cases the employee had "some

authorized duty requiring physical contact with the victim." *Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 613 (7th Cir. 2008). That's a critical distinction because, as the Seventh Circuit recently made abundantly clear in *Hansen*, "Indiana courts have found whether sexual misconduct is within the scope of one's employment to be a genuine issue of fact only in circumstances where the employee's job duties involved extensive physical contact with the alleged victim, such as undressing, bathing, measuring, or fitting." *Hansen*, 551 F.3d at 612. *Hansen* itself involved allegations of inappropriate sexual conduct by a music teacher, and the Seventh Circuit concluded that under Indiana law the plaintiff had failed to show that the teacher's "duties as a music teacher involved physical contact with a student or were otherwise sufficiently related to his misconduct. Consequently, [the teacher's] acts did not fall within the scope of his employment as a matter of law . . . ." *Id.* at 615. *Hansen* reached this conclusion after an in-depth analysis that contrasts *Stropes* and *Southport* (where the employees were found to be acting in the scope of employment) with cases involving church officials, a local trustee, or – especially relevant here – even a *high school teacher*. *See, respectively, Konkle v. Henson*, 672 N.E.2d 450 (Ind. Ct. App.1996); *Barnett v. Clark*, 889 N.E.2d 281 (Ind. 2008)*; Doe v. Lafayette Sch. Corp.*, 846 N.E.2d 691 (Ind. Ct. App. 2006) *abrogated on other grounds by State Farm Mut. Auto. Ins. Co. v. Jakupko*, 856 N.E.2d 778, 782 & n. 2 (Ind. Ct. App. 2006). In each of those cases, Indiana courts refused to find that the employee's actions were in the scope of employment given "the absence of some authorized duty requiring physical contact with the victim." *Hansen*, 551 F.3d at 613.

*Lafayette School* is particularly on-point. In that case the court concluded that a high school teacher's sexual advances were outside the scope of his employment because the teacher,

3

"on his own initiative and unrelated to any school function, instigated an intimate relationship with Doe. In addition, we conclude that his actions were not incident to any service provided by [Lafayette School], but rather were fueled entirely by self-interest in a romantic relationship with Doe." *Lafayette Sch.*, 846 N.E.2d at 702. Those facts mirror the allegations in the Amended Complaint here.

Inexplicably, neither side here has cited either *Hansen* or *Lafayette School*. This is perplexing since I found them by simply cite-checking the negative history for *Stropes* and *Southport*. It's one thing for the Plaintiff to have missed those cases since they actually help her case. But it's a bit more troubling for Crutchfield and his counsel to have not cited them since they seriously undermine the position they have taken in their motion. Whether the failure to cite this adverse authority was by oversight or design is not a question I can readily answer. But it is not commendable either way you look at it. And it is the type of action that the Seventh Circuit has severely criticized. *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 703 (7th Cir. 2010) ("Failing to cite adverse controlling authority makes an argument frivolous. Not only that, but it is imprudent and unprofessional."). *See also Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043, 1047 (7th Cir. 1989); *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1198 (7th Cir. 1987).

The bottom line for present purposes is that the holdings in both *Hansen* and *Lafayette School* make it clear that there is no way at this point in the litigation that anyone could definitively conclude that Crutchfield was acting within the scope of his employment. (On the contrary, this caselaw shows just how much of an uphill battle it will be for any party to argue that Crutchfield's actions were within this scope of his employment.) Discovery is needed to flesh this out. Crutchfield's Motion for Judgment on the Pleadings [DE 32] is therefore **DENIED**.

**SO ORDERED**.

ENTERED: July 23, 2013				s/ Philip P. Simon
						PHILIP P. SIMON, CHIEF JUDGE
						UNITED STATES DISTRICT COURT