# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JANE DOE,<br>       Plaintiff,<br><br>v.<br><br>CROWN POINT SCHOOL<br>CORPORATION, *et al.*,<br>       Defendants. | )<br>)<br>)<br>)   Cause No.: 2:12-CV-264-PPS-PRC<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Protective Order [DE 42], filed on April 3, 2014. Defendant Crown Point School Corporation ("the School") filed a response on April 16, 2014, and Defendant Brett Crutchfield filed a Notice with the Court on the same day, which states that he joins the School's Response. Plaintiff has not filed a Reply, and the time to do so has passed.

Plaintiff's Complaint alleges that she suffered emotional and psychological damages as a result of the alleged sexual advances of Defendant Crutchfield, her former high-school science teacher. Plaintiff's counsel represents he called the lawyers for Defendants on March 20, 2014, to inform them that he would not permit them to question Plaintiff about other sexual experiences.[1] Defendants were not persuaded that this limitation was justified, and Plaintiff filed this Motion, asking for a Protective Order.

Plaintiff's brief is unclear as to which subjects she wants cordoned off from questioning. When asking for relief, she states that she is entitled to a Protective Order precluding Defendants from asking her about *any* sexual relationships not at issue in this case. But the reasoning of her

---

[1] The School recalls the matter somewhat differently, representing that Plaintiff's counsel called the Defendants' lawyers to advise them that he would not permit Plaintiff to be questioned about any prior *consensual* sexual activities, but that she could be questioned about past *non-consensual* sexual experiences.

motion, as well as the cases she cites to, support a more circumscribed protection. The Court nevertheless construes the motion as asking for a Protective Order barring *all* questions about Plaintiff's sexual experiences not involving Defendant Crutchfield. Though, as will be seen below, the Court thinks this request is too broad.

Plaintiff contends that evidence of her other sexual experiences will not be admissible at trial under Federal Rule of Evidence 412 and that deposition questions on the subject thus serve only to make the deposition an embarrassing, annoying, and oppressive experience for Plaintiff, warranting the entry of a Protective Order under Federal Rule of Civil Procedure 26©.

Under the Federal Rules of Civil Procedure, parties are entitled to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information is defined broadly and need not be admissible at trial, as long as it is reasonably calculated to lead to admissible evidence. *Id.*

Nevertheless, Federal Rule of Civil Procedure 26(c)(1) provides that courts may issue Protective Orders limiting discovery for good cause. Fed. R. Civ. P. 26(c)(1). Potential limits include specifying the terms of discovery, forbidding inquiry into certain matters, and limiting the scope of discovery. *Id.* The court has discretion in deciding when a Protective Order is appropriate and what degree of protection is required. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). As Rule 26(c)(1) provides, good cause is required in determining whether or not to issue a Protective Order. *Beauchem v. Rockford Prods. Corp.*, No. 01 C 50134, 2002 WL 31155088 at *3 (N.D. Ill. Sept. 27, 2002). "The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding 'annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Felling*, 211 F.R.D. at 554 (quoting Fed. R. Civ. P. 26(c)(1)). The party seeking

2

the Protective Order has the burden of showing that good cause exists for it. *Id.*

As mentioned above, Plaintiff looks to Federal Rule of Evidence 412 to support her motion for a Protective Order. Rule 412 allows admission of evidence of sexual behavior or predisposition if the "probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412.

Rule 412, however, governs admissibility, not discoverability. *See Miller v. Sweetheart Corp.*, 1:96CV00111, 1997 WL 33153107 at *5 (N.D. Ga. Oct. 15, 1997); Fed. R. Evid. 412, Advisory Committee Notes ("The procedures set forth in subdivision © do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will be continued [sic] to be governed by Fed. R. Civ. P. 26."). Indeed, forbidding all discovery about sexual experiences runs the risk of undermining the provisions of Rule 412. *Barnes v. Bd. of Educ.*, 2:06-CV-0532, 2007 WL 1236190 at *3 (S.D. Ohio Apr. 26, 2007) ("[U]nless the defendants are allowed to conduct discovery on this issue [other sexual experience], the trial judge will never be in a position to conduct the weighing that Rule 412 contemplates, because the defendants will be unable to describe to the trial judge the nature of the evidence they would seek to introduce.").

Nevertheless, though evidence sought in discovery need not be admissible, it should be reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). And questions of admissibility hence inform discovery disputes. As the committee notes for Rule 412 explain, "courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26© to protect the victim against unwarranted inquiries and to ensure confidentiality." Fed. R. Evid. 412, Advisory Committee Notes; *cf. Miller*, 1:96CV00111, 1997 WL 33153107 at *8 ("[The Advisory] Notes simply serve to emphasize the policy considerations that the Court must take into account when addressing

discovery disputes . . . .").

Here, both the School and Defendant Crutchfield contend that they are not seeking evidence to show sexual behavior or predisposition under Rule 412. Rather, they want to know about sexual experiences in order to examine Plaintiff's claims of causation and damages as well as her credibility. As the School points out, evidence of past sexual relationships is often "unquestionably relevant because [a defendant is] not responsible for any emotional or physical injuries (damages) caused by . . . sexual activity with other men." *Berry v. Deloney*, 28 F.3d 604, 608 (7th Cir. 1994). The Court thus finds that Defendants should be able to question Plaintiff about other sexual experiences, but only insofar as these experiences relate to damages and causation. *See Giron v. Corr. Corp. of Am.*, 981 F. Supp. 1406, 1408 (D.N.M. 1997) (setting similar limitations).

The Court hence **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Protective Order [DE 42]. The Court **ORDERS** that, in discovery, Plaintiff *may* be questioned about sexual experiences (whether consensual or nonconsensual) that were violent or damaging in any way (e.g., physical, emotional, psychological, etc.). However, Defendants *may not* ask Plaintiff about any non-damaging sexual experiences.

SO ORDERED this 16th day of June, 2014.

                                                  s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record